## DEPOSIT BANK & TRUST COMPANY v. SAINT PAUL TRUST COMPANY.[1]

December 18, 1931.

No. 28,593.

[1]Reported in 239 N. W. 766.

26

*Daggett & Redlund,* for appellant.
*Hallam & Hendricks,* for respondent.

Stone, J.

Action by a trustee against its predecessor in the trust for an accounting. Decision was for plaintiff, and the appeal is by defendant from the order denying its motion for amended findings or a new trial.

In 1919 defendant became the trustee in a deed of trust given by J. P. Rodgers and others to secure a bond issue in the sum of $88,000. The security for the most part was scattered farm lands in west-central Minnesota. Default occurred, and the trust deed was foreclosed by defendant as trustee. It bid in most of the property and continued in the management thereof until November, 1924, when it resigned as trustee, and plaintiff was substituted.

The appeal presents but two items of controversy. One has to do with a quarter section of land originally covered by the trust deed. Each parcel of the security was appraised in and by the trust deed at a stated figure, this tract being valued at $20,000. The deed provided that any of the mortgaged land might be released by the trustee upon the payment of 88/138 of the appraised value. That fraction indicated the proportion between the amount of the mortgage debt, represented by the numerator, and the total appraised value of the land security, represented by the denominator. Before the foreclosure this quarter section was sold by the mortgagors for $15,000. The land itself was thereupon released by defendant as trustee from the lien of the trust deed, but the contract, or rather the interest of the vendors therein, took its place as security. Defendant has collected the whole purchase price, $15,000, together with $1,503.24 of interest.

The decision below charges defendant with 88/138 of the original appraised value of the quarter section, $20,000. The sum so ar-

rived at is $12,753.62. Then, taking that amount as the numerator, and the purchase price collected, $15,000, as the denominator, defendant is further charged with 12753.62/15000 of the interest, or $1,277. There being no claim that defendant had actually released the contract, it is difficult to see why it should not be charged with the whole sum collected, principal and interest. It acknowledges liability and has accounted for $12,129.48 of the principal.

For defendant there is stressed a provision of the trust deed authorizing the trustee to

"release portions of the security on different terms than specified in the release clause below, when in its judgment the remaining security is ample to protect the bondholders, and when in its discretion it is to the bondholders' advantage to do so."

Another clause reads:

"Neither the trustee, nor its successor or successors, if any, shall be liable for the performance of any duty or responsibility, nor shall it or they in any event be subjected to any liability not herein expressly stated and hereby imposed upon said trustee."

Whatever else may be claimed for these provisions in aid of defendant as trustee, it cannot be successfully argued that they release it from liability for cash actually received. We would have to give them that effect in order to release defendant from liability on this item. In argument it is said that the money was accounted for to the mortgagors. When or how is not indicated by reference to the record. There could be no release of any security by the trustee unless, according to the instrument, "both bonds and trust deed are in good standing as to all covenants and conditions." We have been shown no effort on defendant's part to justify, under that provision, its payment to the mortgagors of any of the proceeds of the contract for the sale of the quarter section in question.

■ The other item in controversy is one of $216.38, a commission charged by defendant on account of the collection of certain rentals of lands covered by the trust deed. What happened was that defendant turned the matter of collecting these rents over to Van

Sant Land Company, another corporation related to it through common management. The Van Sant company in turn employed a local agent, who charged a five per cent commission for making the collections. On top of that the Van Sant company charged another five per cent. It is this latter item that is now surcharged to defendant. The court took the view apparently that one compensation for one service was enough, at least for a trustee. There is nothing to warrant us in disagreeing, even to the extent of awarding defendant anything for overhead on this small item.

The order appealed from is affirmed.

